UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON


CIVIL ACTION NO. 10-139-GWU


EMILY MAYS,                                                    PLAINTIFF,


VS.                        **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                               DEFENDANT.


## INTRODUCTION

Emily Mays brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits (DIB)

and for Supplemental Security Income (SSI).  The case is before the court on cross-

motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mays, a former box machine operator, suffered from impairments related to diabetes mellitus type I, depression, dizziness, mild peripheral neuropathy of the big toes, chronic obstructive pulmonary disease, and mild obesity. (Tr. 15, 18). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 16).  Since the claimant

would be able to return to her past relevant work, she could not be considered totally disabled.  (Tr. 18, 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration and deny that of the plaintiff.

Mays previously filed applications for DIB and SSI in January of 2006.  (Tr. 84).  These applications were denied at all administrative levels and became final for the administration as of June 7, 2007 when an ALJ issued a denial decision.  (Tr. 12).   In this prior denial decision, the ALJ found that the plaintiff would be limited to medium level work, restricted from a full range by such non-exertional restrictions as a need to avoid exposure to unprotected heights and dangerous machinery and a limitation to simple and more complex tasks.  (Tr. 95).  The ALJ specified that the claimant would be able to relate adequately with peers and supervisors in such an environment and would not have restrictions concerning sitting, standing and walking.  (Id.).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th

Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The current ALJ adopted these restrictions along with several additional factors including (1) an inability to work at or around concentrated dust, gases, smoke, fumes, temperature extremes, vibration and excess humidity; (2) an inability to ever balance and climb ladders, ropes and scaffolds; (3) an inability to ever operate foot controls; (4) an inability to perform aerobic activities or fast-paced activities such as running, jumping or fast assembly lines; (5) a need to avoid frequent changes in work routines; (6) an inability to perform work requiring detailed or complex problem solving, independent planning or the setting of goals; and (7) an inability to more than occasionally interact with the general public with no requirement of extended conversation, dispute resolution, or coordinated activities.[1]  (Tr. 16-17).  These restrictions were presented to Vocational Expert Betty Hale who indicated that the plaintiff's past work as a box machine

---

[1] The plaintiff asserts that the ALJ relied entirely upon the findings of the prior ALJ and did not consider whether her condition had worsened.  However, these additional restrictions indicate that the ALJ did find signs of worsening of the claimant's condition. The current ALJ even added a finding that chronic obstructive pulmonary disease was a "severe" condition (Tr. 15) despite the absence of such a finding by the prior ALJ (Tr. 94).

operator could still be performed.  (Tr. 38-39).  The witness also identified a significant number of other jobs in the national economy which could still be done. (Tr. 39).  The current ALJ relied upon this information to support the administrative decision.  (Tr. 18).

The ALJ erred in evaluating the opinion of Dr. Soumya Janardan, a treating source.  In August of 2009, Dr. Janardan completed a Physical Functional Capacity Questionnaire form upon which the doctor identified several restrictions which were not found by the ALJ, including a limitation to less than two hours of standing or walking in an eight-hour day in 10 minute intervals, the need for a sit/stand at will option and an inability to ever stoop, crouch and climb. (Tr. 381-385).  Significantly, Hale testified that medium level work was not compatible with a sit/stand option and, so, these restrictions would preclude performance of the claimant's past work and all the other cited jobs.  (Tr. 40).  Thus, this opinion does not support the administrative decision.

Generally, the opinion of a treating source is entitled to superior weight and the ALJ is required to give good reasons for rejecting a treating physician's opinion. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).  In the current action, the ALJ rejected this opinion of Dr. Janardan because it was similar to an opinion the physician issued during the processing of the prior application that was rejected by the prior ALJ.  (Tr. 18).  However, the current record

8

does reveal some deterioration in the plaintiff's condition since the prior application period which might justify more severe functional restrictions.  Dr. Janardan made reference to an August, 2007 EMG/NCV study which revealed early sensory axonal polyneuropathy.  (Tr. 342, 381).  The testing results could also not rule out SI radiculopathy.  (Tr. 342).  This is in contrast to a 2006 EMG/NCV study which was normal without evidence of radiculopathy, plexopathy or entrapment neuropathy. (Tr. 345).  Treatment records from the doctor record reports after May of 2007 of worsening foot numbness.  (Tr. 241-243, 245, 313-315, 317).  Physical examination revealed decreased sensation in the feet and toes in May of 2007 and March of 2008.  (Tr. 245, 312).  The claimant was observed to walk with a limp in August of 2007.  (Tr. 242).  Prior to this occasion, the physician did not indicate limping.  (Tr. 246-257, 318-329).  Dr. Janardan also cited chronic obstructive pulmonary disease as a condition imposing functional limitations on Mays on the assessment form.  (Tr. 381).  Breathing problems were first noted in July of 2007 and on occasion after that.  (Tr. 313, 315, 381).  This was an impairment not found to be "severe" by the prior ALJ (Tr. 94) but found to be "severe" by the current ALJ (Tr. 15).  Therefore, the court finds at least some evidence of deterioration in the plaintiff's condition to support Dr. Janardan's opinion and, so, the ALJ's cited reasons for rejecting the opinion were inadequate.

The ALJ cited the opinion of Dr. David Swan, a non-examining reviewer, in support of the administrative denial decision.  (Tr. 18).  Dr. Swan opined that there had been no material change in Mays's condition since the prior administrative denial decision and adopted the physical restrictions found in that opinion.  (Tr. 369-376).   An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reason for his differing opinion.  Barker v Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p indicates that when the examiner is also a treating source, then the non-examiner needs to have seen a complete record containing the opinion of an expert in the claimant's particular impairment which contains more detailed and comprehensive information than that which was available to the treating source.  In the present action, Dr. Swan reviewed the record in May of 2008 and, so, had no opportunity to see and comment upon the opinion of Dr. Janardan issued in August of 2008.  (Tr. 376).  Surprisingly, Dr. Swan fails to mention the August, 2007 EMG/NVC studies.[2]  Therefore, this opinion does not support the administrative decision.

The ALJ also cited a December, 2007 opinion of a Dr. Karandikar who reported the existence of "moderate" limitations concerning stooping, bending,

---

[2]The ALJ opined that the abnormal August, 2007 EMG/NCV results were not significant (Tr. 18) but this would appear to the undersigned to be a medical question that should be addressed by a medical professional such as Dr. Swan.

lifting, carrying, walking and traveling in support of the administrative decision.  (Tr. 18).  However, the current record does not include a report from a Dr. Karandikar and the ALJ appears to have cited this opinion in error.  The defendant asserts that this would be harmless error but if the ALJ's findings in the current claim were influenced by the examination results of another claimant than his findings would be seriously tainted.  Upon remand, the ALJ needs to be sure that he relies strictly upon medical records which pertain to the plaintiff.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration of Dr. Janardan's opinion.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of March, 2011.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**